SCHOTT, Judge.
Mrs. Floris C. Paternostro appeals from a dismissal of her opposition to the first annual account of the Succession’s executor, Arthur R. Albert, Sr.
In her statutory Last Will and Testament decedent (who died on November 25, 1970) appointed her brother executor and named her niece, the opponent, as residual legatee of money in cash and in savings accounts with homesteads and banks. After the executor filed his account, including the balance in a homestead account in the amount of $8,430.83, opponent filed her opposition claiming that the account was erroneous and incomplete in that the executor did not account for the sum of $4,000.-00 given to him by the decedent to hold for her use if she needed funds and was unable to withdraw same from her homestead account.
The trial of the opposition consisted of the testimony of the executor, opponent and a brother of opponent. The executor testified that in February, 1970, his sister had given the $4,000,00 to him and had told him that this was a gift to him for services he had rendered to her during the previous 20 years. The executor said that no one was present at this time other than himself and his sister, the decedent.
Opponent testified that she was present at the time the executor was given the $4,000.00 and that her aunt told the executor that she wanted him to hold the funds so that he could pay bills for her. Opponent’s brother testified that he also had assisted his aunt over the years and in May or June of 1970, upon discovering that there had been a withdrawal of $4,000.00 *362 from the homestead account, he asked his aunt about it to which she replied that she had given it to his Uncle Arthur, the executor, to hold for her enabling him to pay her bills in case anything would happen to her. This witness also testified that between March and November, 1970, he had been given the homestead passbook by his aunt from time to time so that he could make withdrawals from her account and pay various bills for her account.
The trial judge, having heard this conflicting testimony, resolved the conflict in favor of the executor with special emphasis on the fact that decedent would not have asked opponent’s brother to withdraw more money out of her homestead account to pay her bills if she had given the $4,000.00 to her brother, the executor, for that purpose in February, 1970.
This case is a simple illustration of a trial judge discharging his heavy responsibility of resolving conflicting testimony. He did so in favor of the executor and there 'is no basis for us to substitute our own judgment for his in that regard.
In support of her position in this Court, opponent directs our attention to a sentence in the executor’s sworn descriptive list of assets to the effect that decedent “made no donation inter vivos nor in contemplation of death within one year prior thereto.” She contends that this disproves the executor’s testimony that decedent gave him the $4,000.00. This was not mentioned when the matter was tried below and the executor contends that it is merely an afterthought on opponent’s part. In any event, the $4,000.00, while a donation in the sense that it was made to the executor without binding legal consideration was, according to his testimony as accepted by the trial judge, supported by the moral consideration of the executor’s performance of services for the decedent over a long period of time so that in a sense it was not a donation within the connotation of the sworn descriptive list of assets.
Affirmed.